The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Gary Lee **MILLER**, Defendant–Appellant.

No. 91CA0235.

Colorado Court of Appeals, Div. V.

May 20, 1993.

Rehearing Denied June 24, 1993.

Certiorari Granted (People) Nov. 29, 1993.

Cross–Petition for Certiorari Denied Nov. 29, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, David Furman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Gary Lee Miller, appeals from the judgment of conviction entered upon jury verdicts finding him guilty of possession of a controlled substance, distribution of a controlled substance, and aggravated distribution of a controlled substance. We reverse and remand for a new trial.

The charges at issue arose from a police investigation in which one person, following his own arrest for possession and distribution of cocaine, agreed to become a police informant and to purchase drugs for

police from his regular drug supplier. The police informant, acting under police surveillance, gave money to the drug supplier who, according to the supplier, then purchased cocaine from the defendant. Based upon this information and observations made by the police officers, arrests were made and search warrants were executed which led to the discovery of cocaine in defendant's home and truck.

At trial, the defendant testified and denied selling cocaine to the supplier. He further denied knowledge of the cocaine found in his home or truck.

## I.

■ Defendant first contends that the trial court erred in excluding the testimony of two character witnesses who would have testified regarding his character trait of truthfulness. We agree.

In its ruling disallowing the defendant's character evidence, the trial court relied upon CRE 608(a) which provides:

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible *only after the character of the witness for truthfulness has been attacked* by opinion or reputation evidence or otherwise. (emphasis added)

Generally, the prosecution in a criminal trial is forbidden from initially introducing evidence of the defendant's bad character to imply that, being a bad person, he or she is more likely to commit a crime. However, CRE 404(a)(1) creates an exception which is more specific than CRE 608 and gives *an accused* the right to introduce evidence of a pertinent character trait. *See generally People in Interest of E.Z.L.*, 815 P.2d 987 (Colo.App.1991) (In the event statutes conflict, effect shall be given to both, if possible. If not, the more specific provision shall prevail as an exception to the general rule).

CRE 404 provides:

(a) Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, *except*:

(1) *Evidence of a pertinent trait of his character offered by an accused*, or by the prosecution to rebut the same.... (emphasis added)

In *People v. Whitfield*, 425 Mich. 116, 388 N.W.2d 206, 212 (1986), the Michigan Supreme Court discussed its rule which is identical to CRE 404(a)(1):

> One of the exceptions to the general rule barring the use of character to prove conformance therewith on a particular occasion is the so-called mercy rule found in ... *404(a)(1)*, which *allows a criminal defendant an absolute right to introduce evidence of his character* to prove that he could not have committed the crime.... Once a defendant introduces [pertinent] character testimony, the prosecution can then rebut that testimony. (emphasis added)

CRE 404(a)(1) makes it clear that the character evidence which the accused seeks to admit must be pertinent to the issues presented at trial. For example, evidence offered by the accused which establishes his or her character as a law-abiding citizen is always pertinent because a law-abiding citizen presumably would not have committed any crime. *See* 1A J. Wigmore, *Evidence* § 55 (Tillers rev.1983). *See Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948) (defendant has a right to establish the character trait of being a law-abiding citizen); *United States v. Hewitt, supra*; CRE 404(a)(1).

In contrast, an accused's character for truthfulness and honesty is not pertinent in every case. *See Wiggins v. State*, 778 S.W.2d 877 (Tex.App.1989) (character trait of honesty is not involved in the offense of aggravated sexual assault); *Shelton v. State*, 287 Ark. 322, 699 S.W.2d 728 (1985) (pertinent traits are those involved in the offense charged, *i.e.*, proof of honesty in a theft charge or peacefulness in a murder

charge). *See generally* Annot., 56 A.L.R. 4th 402 (1987).

However, once an accused has testified, his or her credibility becomes a prominent issue in the case and, as a result, the accused's character for truthfulness then becomes pertinent. *See United States v. Jackson*, 588 F.2d 1046 (5th Cir.1979). As stated in E. Jacobson & A. Bucholtz, *Colorado Rules of Evidence (Annotated)* Rule 404 at 404–3, 404–4 (1991) (General Comments):

> The defendant has a broad option as to the use of character evidence under Rule 404(a)(1). Character traits may be specific, e.g. honesty, or general, e.g., law-abiding citizen.
>
> . . . .
>
> *It is reversible error to exclude character evidence offered by the defense....* When a defendant does not take the stand, however, evidence as to reputation for truth and veracity is properly excluded.... (emphasis added)

 In summary, the rules of evidence make an important distinction between character and credibility. Generally, the prosecution may not place the defendant's character in issue. And, the defendant's act of testifying in his own behalf does not place his character in issue. The accused must put his character in issue by affirmatively introducing character testimony, and only after that occurs may the prosecution rebut the good character testimony by the introduction of contrary evidence regarding the pertinent character traits. *See People v. Pratt*, 759 P.2d 676 (Colo.1988); *United States v. Hewitt*, 634 F.2d 277 (5th Cir. 1981). *See generally McCormick on Evidence* § 191 (J. Strong 4th ed. 1992).

 If the defendant decides to testify, although he does not place his character in issue, the defendant's credibility does become a pertinent issue in the case, just as it would be relevant with any other witness. And, after the defendant's credibility has become relevant by virtue of his act of testifying, the defendant's character for truthfulness becomes a pertinent trait, al-lowing the accused to introduce evidence of his good character for truthfulness under CRE 404(a)(1). *See People v. Pratt, supra; United States v. Hewitt, supra; People v. Wheatley*, 805 P.2d 1148 (Colo.App.1990).

Applying these principles to the circumstances here, we note the following: (1) the defendant's credibility became a pertinent issue after he testified in his own behalf; (2) since his credibility was in issue, his character for truthfulness became a pertinent character trait and he had the right, if he so chose, to introduce evidence of his good character for truthfulness; (3) he attempted affirmatively to place in issue his character trait of truthfulness by calling two witnesses, the chief of police for Berthoud and a Fort Collins chiropractor who is a member of his profession's ethics committee; and (4) according to defendant's offer of proof, both witnesses would have testified they were familiar with the defendant's reputation for truthfulness in the community, and it is excellent.

Accordingly, the proffered evidence was admissible pursuant to CRE 404(a)(1), and the trial court erred in concluding that it was inadmissible pursuant to CRE 608. *Cf. People v. Gaffney*, 769 P.2d 1081, 1085 (Colo.1989) (CRE 608(a)(2) develops the exception to inadmissibility created by CRE 404(a)*(3)*, not CRE 404(a)*(1)*).

 Since, here, the prosecution's case rested largely upon the jury's assessment of the credibility of the drug supplier who claimed the defendant sold him drugs versus the credibility of the defendant who categorically denied selling or knowingly possessing drugs, and since here this forty-one year old accused had no other criminal record, we conclude the trial court's error in excluding the character testimony was not harmless.

## II.

Since certain of defendant's other contentions may arise on retrial, we address them here.

Defendant contends the trial court erred in allowing the alleged drug supplier to

testify that he had engaged in prior drug transactions with defendant.

Before trial, the prosecutor informed the court and counsel he was not aware of any similar drug transactions that the People would introduce between the defendant and the prosecution's key witness. At trial, however, the prosecution's witness was cross-examined by the defense to the effect that his relationship with defendant related solely to defendant's race car business.

During his redirect examination, and without first approaching the bench and seeking a prior ruling by the trial court, the prosecutor asked the witness in the presence of the jury if the witness had previously purchased cocaine from the defendant before the present case. The witness answered, over the defense's objection, that he had previously bought cocaine from the defendant. In doing so, the prosecution thus introduced highly damaging evidence of uncharged similar offenses without benefit of any of the safeguard procedures required. *See People v. Spoto*, 795 P.2d 1314 (Colo.1990); *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979); *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959).

The prejudice created by this evidence was so obvious that the trial court was forced to declare a mistrial as to the co-defendant, although it denied the defendant's motion for mistrial finding that defendant had opened the door to the evidence.

In view of the fact that a new trial now has been ordered, we need not consider whether the trial court abused its discretion by not also granting the defendant's motion for mistrial. On retrial, however, any attempt by the prosecution to introduce evidence of uncharged similar transactions should be brought to the trial court's attention *before* the fact and outside the presence of the jury in order to allow the trial court to conduct the appropriate inquiry.

### III.

Defendant next contends that a conviction for possession of a controlled substance necessarily merges with a conviction for aggravated distribution. We disagree.

An analysis of whether convictions should be merged is based on double jeopardy principles. Merger applies only to a crime that is the lesser included offense of another crime for which a defendant has also been convicted in the same prosecution. Offenses are not the same if each offense requires proof of a fact which the other does not. *People v. Henderson*, 810 P.2d 1058 (Colo.1991).

On retrial, if separate evidence is presented and if the jury instructions properly identify the distinct offenses and make it clear that each requires separate evidence, separate convictions would be possible.

### IV.

The final issue concerns the propriety of the court's complicity instruction. However, inasmuch as the issue is before us under a plain error standard and may not reoccur on retrial, we do not address it here. *See People v. Mershon*, 844 P.2d 1240 (Colo.App.1992), *cert. granted.*

The judgment is reversed, and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

RULAND and BRIGGS, JJ., concur.