The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Donovan J. SANDOVAL, Defendant–Appellant.

No. 96CA1731.

Colorado Court of Appeals, Div. V.

June 11, 1998.

As Modified on Denial of Rehearing July 30, 1998.

Certiorari Denied March 29, 1999.*

* Chief Justice MULLARKEY would grant as to the following issues:

Whether a district court sentence to the Department of Corrections is presumed to run concurrent with a prior county court jail sentence when the sentencing court did not expressly state that the sentences are to run consecutive to one another.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, C. Keith Pope, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Donovan J. Sandoval, appeals the trial court's denial of his Crim. P. 35(a) motion to correct an illegal sentence. We reverse and remand.

Defendant pleaded guilty to second degree burglary, and was sentenced to two years imprisonment, subsequently reduced to two years probation. Thereafter, defendant violated the terms of his probation and was resentenced to the Department of Corrections (DOC) for two years. Although the trial court was advised that defendant was serving a separate sentence in the Denver county jail at the time of the resentencing, the court did not specify, either orally or in the original mittimus, whether the two-year sentence would be consecutive to or concurrent with the county sentence.

Some six weeks after the sentencing hearing, defendant moved to have the mittimus amended to reflect that the two-year sentence was to be served concurrently with the county sentence. The trial court denied the motion and, instead, amended the mittimus to state that the two years were to be consecutive to the prior sentence.

Thereafter, defendant filed a Crim. P. 35(a) motion asserting that the amendment had effectively increased his sentence in violation of his constitutional rights against double jeopardy. The court denied the motion.

On appeal, defendant contends that the original sentence was either expressly or presumptively concurrent with the county sentence, and that subsequent imposition of a consecutive sentence was therefore impermissible. We agree.

As a threshold matter, we reject defendant's contention that the record unambiguously demonstrates that the trial court was imposing a concurrent sentence. After having been advised at the resentencing hearing that defendant was currently serving an 18–month jail sentence and thus sought immediate sentencing, the trial court stated:

My sentence will be that you will be sentenced to the Department of Corrections for a term of two years, less whatever time you have served....

Mr. Sandoval is remanded to custody of the sheriff to be returned to the County Jail with all due dispatch to the Department of Corrections.

Defendant asserts that these statements show the trial court intended that the sentences be served concurrently. The People claim that the statements demonstrate the court's intent to have the DOC sentence be served after completion of the county sentence. We disagree with both parties, and conclude that the record does not indicate whether the sentence was to be concurrent with or consecutive to the pre-existing sentence.

To resolve defendant's contention on appeal, we must therefore determine whether, when the record is silent, the original sentence is to be treated as concurrent or consecutive. Because this issue has not been decided in any reported appellate decision in Colorado, we look to the law of other jurisdictions for guidance.

Some jurisdictions have a statute dictating whether a sentence is to run consecutively to or concurrently with another sentence when the sentencing court record is silent. *See, e.g.,* 18 U.S.C. §3584(a) (1994) (sentences are concurrent if imposed contemporaneously, consecutive if imposed at different times); Ohio Rev.Code Ann. §2929.41 (Anderson 1996) (sentence to be served concurrently); Ala.Code §14–3–38 (1995) (sentence to be served consecutively).

. In jurisdictions without a statute, the courts have often treated the issue as being whether a presumption of concurrence or consecutiveness should apply. Some states have adopted a rule that, when the record is silent, a sentence is presumed to be consecutive to a sentence imposed for a different crime in a separate case. *See, e.g., State v. McNerny,* 239 Neb. 887, 479 N.W.2d 454 (1992); *Commonwealth v. Lundberg,* 422 Pa.Super. 495, 619 A.2d 1066 (1993); *Apoda-*

*ca v. State,* 891 P.2d 83 (Wyo.1995). Other state courts presume concurrent sentences in such circumstances. *See Collins v. State,* 69 Md.App. 173, 516 A.2d 1015 (1986); *State v. Studman,* 468 A.2d 918 (R.I.1983). Prior to the enactment of the federal statute, 18 U.S.C. §3584(a), the federal courts generally applied a presumption of concurrence. *See United States v. Earley,* 816 F.2d 1428 (10th Cir.1987); *United States v. Naas,* 755 F.2d 1133 (5th Cir.1985); *United States v. Wenger,* 457 F.2d 1082 (2d Cir.1972); *Borum v. United States,* 409 F.2d 433 (D.C.Cir.1967).

It has been recognized that a presumption of consecutiveness is appropriate even where concurrence might otherwise be presumed where sentences are pronounced by courts of two "different sovereigns," *i.e.,* courts of two different states or a state court and a federal court. *See, e.g., Pearson v. State,* 866 P.2d 1297 (Wyo.1994) (characterizing this as an exception to the common-law presumption of concurrence).

Consistent with the cases involving two different sovereigns, in *People v. Emig,* 676 P.2d 1156 (Colo.1984), our supreme court declined to presume an intent to make a Colorado sentence concurrent with a federal sentence. However, no reported Colorado cases have considered which presumption, if any, should apply when both sentences have been imposed by Colorado courts. In *Graham v. Cooper,* 874 P.2d 390 (Colo.1994), the supreme court cited federal cases applying the presumption of concurrency, but found them inapplicable where the original sentence unambiguously imposed consecutive sentences.

In this case, whether the original sentence is treated as consecutive to or concurrent with defendant's prior sentence determines whether the court's amendment of the mittimus was permissible. If the original sentence was presumptively consecutive, the court's amendment was a permissible clarification of its sentence. However, if the original sentence was to be concurrent with the prior sentence, the court could not later "clarify" that sentence by making it consecutive without violating defendant's double jeopardy rights.

■ The double jeopardy clauses of the United States and Colorado Constitutions protect an accused from being twice punished for the same offense. *See* U.S. Const. amend. V and amend. XIV; Colo. Const. art. II, §18; *Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *People v. Allen,* 868 P.2d 379 (Colo.1994). Although a court may correct an illegal sentence without implicating double jeopardy concerns, *see People v. District Court,* 673 P.2d 991 (Colo.1983), it may not increase a lawful sentence after the defendant has begun serving it. *Righi v. People,* 145 Colo. 457, 359 P.2d 656 (1961); *cf. People v. Johnson,* 42 Colo.App. 350, 594 P.2d 601 (1979) (declining to authorize court to increase length of original sentence where statute did not include such authorization).

■ Changing a sentence from concurrent to consecutive constitutes an increase in the sentence. *See People v. Reznick,* 141 Ill. App.3d 593, 96 Ill.Dec. 398, 491 N.E.2d 444 (1986) (where sentence entered upon defendant's parole revocation did not state whether it would be concurrent with or consecutive to defendant's county sentence, trial court's order specifying consecutiveness, entered one week after original sentence, was an impermissible increase in defendant's sentence); *State v. Sayre,* 314 Md. 559, 552 A.2d 553 (1989) (changing sentence from concurrent to consecutive after defendant was remanded to custody increased its length and was thus prohibited); *but cf. State v. Moore,* 178 N.J.Super. 417, 429 A.2d 397 (App.Div. 1981) (where trial judge corrected the failure to specify whether sentence was concurrent or consecutive before defendant left the courthouse, presumption of concurrency did not apply and there was no impermissible increase in the sentence).

■ Such an increase in the sentence is impermissible even if the court alters the sentence solely to conform to or clarify its original intent. *See United States v. Naas, supra; Borum v. United States, supra; cf. Macias v. State,* 572 So.2d 22 (Fla.App.1990) (trial court impermissibly increased sentence

when, sixteen days after original sentence, it attempted to correct its oversight and clarify that original ten-year sentence was a mandatory minimum).

For the reasons set forth below, we conclude that defendant's original sentence must be presumed concurrent with his prior sentence. Therefore, under the double jeopardy principles outlined here, the trial court's subsequent amendment of the mittimus to make the sentence consecutive was impermissible.

■ We are persuaded by the rationale articulated in cases that have adopted a presumption of concurrency. Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. *United States v. Daugherty,* 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309 (1926). Adopting a presumption of concurrency comports with "the general notion of holding the Government to precision before a defendant can be jailed," *United States v. Wenger, supra,* 457 F.2d at 1084, and requires that the prosecution and the court affirmatively suggest and impose consecutive sentences if such are intended. *See United States v. Naas, supra; cf. DeBose v. People,* 175 Colo. 356, 362, 488 P.2d 69, 71 (1971)(quoting ABA sentencing standard that "[i]mposition of a consecutive sentence should require the affirmative action of the sentencing court").

■ We therefore hold that, where the trial court is advised of a pre-existing Colorado sentence but does not specify whether the new sentence is to be concurrent with or consecutive to the prior sentence, the new sentence will be presumed to run concurrently with the prior sentence. After the defendant begins serving the new sentence, the presumption in effect becomes conclusive, since any subsequent increase in the sentence would be impermissible. *See Righi v. People, supra.*

■ Accordingly, here, when defendant began serving the two-year DOC sentence, that sentence was conclusively presumed to run concurrently with the county sentence.

Thus, the subsequent order amending the mittimus to reflect consecutive sentences impermissibly increased defendant's sentence after he had begun serving it.

The order is reversed and the cause is remanded with directions to the trial court to amend the mittimus to reflect that the two sentences are to be served concurrently.

Judge ROTHENBERG and Judge TAUBMAN concur.