The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

James **REED**, Defendant–Appellant.

No. 00CA0588.

Colorado Court of Appeals, Div. II.

Aug. 2, 2001.

Certiorari Denied April 8, 2002.

Ken Salazar, Attorney General, Cheryl Hone, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, James Reed, appeals the sentence imposed upon revocation of his sentence to probation. We affirm.

Defendant initially pled guilty to attempted incest, a class five felony, and received a four-year sentence to probation. His probation was later revoked, and the court resentenced him to four years of probation with one year to be served in the county jail work release program.

Subsequently, defendant again violated the terms of his probation and came before the court for a hearing. Defendant admitted the revocation complaint, and the parties proceeded immediately to sentencing. During the sentencing hearing, the parties waived

preparation of a presentence report. After hearing argument and the recommendation of the probation officer, the court announced that it was sentencing defendant to two years in the Department of Corrections (DOC) and informed defendant that he had the right to appeal his sentence.

The court then asked if there were any questions about the sentence it had announced, and defense counsel stated that defendant was entitled to over a year of presentence confinement credit for the time he had served in the work release program. Defense counsel and the prosecutor engaged in a colloquy with the court, which then took a recess to research the issue. Defendant remained in the courtroom during this time.

The trial court returned and indicated that its intent was that defendant serve two years in DOC and, if presentence confinement credit were to be awarded, the sentence would be changed to three years to conform with its original intent. Defense counsel objected. Nevertheless, the court imposed a three-year sentence to DOC with 412 days of presentence confinement credit. The court then stated: "[T]hat is the judgment and sentence of the Court. The defendant is remanded to the custody of the sheriff. The Court is in recess."

The mittimus, prepared and dated the day of the hearing, reflects the three-year DOC sentence announced by the court, as well as the presentence confinement credit.

## I.

■ Defendant first contends that the trial court's action in changing the term of his DOC sentence from two to three years constituted a violation of the prohibition against double jeopardy. We disagree.

■ The Double Jeopardy clauses of the United States and Colorado Constitutions protect an accused from being twice punished for the same offense. Consequently, a trial court is prohibited from increasing a legal sentence once it has been imposed and the defendant has begun serving it. *See Witte v. United States*, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *Righi v. People*, 145 Colo. 457, 359 P.2d 656 (1961);

*People v. Sandoval*, 974 P.2d 1012 (Colo.App. 1998).

Here, defendant remained in the courtroom during the discussion of presentence confinement credits and the subsequent change in the term to DOC. He had not been remanded to custody, and the judgment had not yet been entered by the court. Moreover, during the presentence confinement credit discussion, the court stated that "because I intended when I sentenced him moments ago to serve most of the time, that is an actual two-year sentence would be served. I didn't understand that there would be a one-year work release credit."

Defendant argues that the court's initial statement that his sentence would be two years in DOC and the advisement regarding his right to appeal constituted the imposition of the sentence. Therefore, the subsequent pronouncement of three years in DOC violated the prohibition against double jeopardy.

However, the authority defendant cites for this proposition is inapposite. A violation of double jeopardy principles occurs where a sentence is increased after it has been imposed *and* the defendant has begun serving it. *Cf. People v. Sandoval, supra* (collecting cases). Here, defendant did not begin to serve his sentence when the court took a recess to research the presentence confinement credit issue, as he suggests. Rather, service of the sentence began when the court pronounced the judgment and sentence and remanded defendant to the custody of the sheriff. This occurred after the court determined that he would serve a three-year DOC term.

Thus, under these circumstances, we reject defendant's double jeopardy argument.

## II.

■ Defendant also contends that his constitutional rights to due process and fundamental fairness were violated by the trial court's consideration of his presentence confinement credit in determining the length of his sentence to DOC. We are not persuaded.

The purposes of sentencing are to punish a defendant in relation to the seriousness of

the offense, to assure fair and consistent treatment of all convicted offenders, to deter others likely to commit similar offenses, and to promote the defendant's rehabilitation. *See* § 18–1–102.5, C.R.S.2000; *People v. Martinez,* 628 P.2d 608 (Colo.1981).

 Sentencing by its nature is a discretionary decision that requires the trial court to weigh various factors and to strike a fair accommodation between a defendant's need for rehabilitation or corrective treatment, and society's interest in safety and deterrence. *People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980).

A review of the record reveals that the trial court considered these factors in arriving at the sentence it ultimately imposed. The probation officer who testified at sentencing correctly pointed out that defendant had been placed on probation twice and had not completed either term successfully. The court reviewed the initial presentence report prepared before defendant's first sentence to probation and noted that he had no prior felonies, but that it was concerned with the fact that he had not complied with probation and had absconded from the court's jurisdiction on his second probationary sentence. The court also noted that defendant had aggravated his situation by his behavior while on probation and that its intent was that he serve two years in DOC because of these factors.

Defendant cites no authority for his implicit argument that a trial court may not consider presentence confinement credit in determining the amount of time it sentences a defendant to DOC. Under the circumstances here, the court could have properly determined that defendant's failure to complete probation successfully warranted a term of confinement adequate to rehabilitate him as well as protect the community. Prior to being informed of the presentence confinement credit issue, the court determined this period should be two years. The court then imposed a sentence and granted presentence confinement credit that had the effect of an approximate two-year period of DOC confinement.

As the sentence to DOC was within the range prescribed by law for the class five felony, *see* § 18–1–105(1)(a)(V)(A), C.R.S. 2000, we discern no constitutional error in the trial court's consideration of the effect of presentence confinement credit on defendant's actual incarceration time.

### III.

 Finally, we note the arguments in the briefs regarding the amount of presentence confinement credit to which defendant is entitled. However, the People did not file a notice of appeal challenging the amount granted, and defendant does not argue that the amount awarded is incorrect. Therefore, we conclude that it is unnecessary for us to address the issue.

Sentence affirmed.

Judge PLANK and Judge CASEBOLT concur.