COLORADO COURT OF APPEALS
 2015 COA 156
 
 

Court of Appeals No. 13CA1920
Arapahoe County District Court No. 12CR1653
Honorable Kurt Horton, Judge

The People of the State of Colorado,
Plaintiff-Appellee,
v.
Elton Shontell Evans,
Defendant-Appellant.

SENTENCE REVERSED AND CASE
REMANDED WITH DIRECTIONS
Division I
Opinion by JUDGE TAUBMAN
J. Jones and Harris, JJ., concur
Announced November 5, 2015

Cynthia H. Coffman, Attorney General, Jacob R. Lofgren, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee
Douglas K. Wilson, Colorado State Public Defender, Adam Mueller, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant
 

¶1         Defendant, Elton Shontell Evans, appeals his sentence of three years imprisonment for an attempt to escape conviction to be served consecutively to a prior sentence under section 18-8-208.1(2), C.R.S. 2015. We reverse and remand to the trial court to amend the mittimus to provide that Evans’s sentence for attempted escape be served concurrently with his underlying sentence.
I.    Background
¶2         Evans was in the custody of the Department of Corrections (DOC) serving a sixteen-year sentence. On July 30, 2012, he left the Centennial Community Transition Center (CCTC) and reported to work as scheduled; however, he did not return to CCTC after completing his shift. He was charged with one count of escape under section 18-8-208(3), C.R.S. 2015.
¶3         On April 22, 2013, the trial court imposed a three-year prison sentence on Evans, pursuant to a plea agreement. Pursuant to the plea agreement, Evans pleaded guilty to one count of attempt to escape in violation of section 18-8-208.1(2) in exchange for the People dismissing the original escape count. Neither the mittimus nor the plea agreement stated whether the sentence was to be served concurrently with or consecutively to Evans’s prior sixteen-year sentence.

¶4         DOC contacted the trial court to clarify whether Evans’s attempted escape sentence was to be served concurrently with or consecutively to the prior sentence. On September 4, 2013, following a hearing, the trial court concluded it was required to impose a consecutive sentence and that the original, concurrent sentence was illegal.
¶5         Evans raises two contentions on appeal: (1) the trial court lacked jurisdiction to resentence him because his original sentence was valid and (2) the trial court violated his right to be free from double jeopardy when it resentenced him. We agree with both contentions.
II.         Lack of Jurisdiction
¶6         Evans contends that the trial court did not have jurisdiction to change the sentence so that the sentence for attempt to escape would be served consecutively. More specifically, he maintains that because the trial court did not originally order that his attempted escape sentence be served consecutively to any other sentence, it is presumed to have been a concurrent sentence. That concurrent sentence was legal because neither of the statutes on which the People rely to support a consecutive sentence applies to his circumstances: the sentence-enhancing provision of the statute to which he pleaded guilty, section 18-8-208.1(2), does not apply because he did not plead guilty to the sentence enhancer, and section 18-8-209(1) does not apply to sentences imposed under section 18-8-208.1(2). Thus, he argues, because the court’s original, concurrent sentence was valid, and he had started serving that sentence, the trial court lacked jurisdiction to resentence him to a three-year consecutive term of imprisonment.
A. Standard of Review

¶7         We review de novo whether a trial court had jurisdiction to resentence a defendant, People v. Valdez, 68 P.3d 484, 485 (Colo. App. 2002); the legality of a sentence, People v. Bassford, 2014 COA 15, ¶20, 343 P.3d 1003, 1006-07; and the trial court’s construction and application of statutes, People v. Benavidez, 222 P.3d 391, 393 (Colo. App. 2009).
B. Applicable Law
¶8         In Colorado, “[a] trial court loses jurisdiction upon imposition of a valid sentence except under circumstances specified in Crim. P. 35.” People v. Heredia, 122 P.3d 1041, 1043 (Colo. App. 2005) (quoting People v. Mortensen, 856 P.2d 45, 47 (Colo. App. 1993)). Under Crim. P. 35(a), a trial court may correct an illegal sentence at any time. See Mortensen, 856 P.2d at 47 (noting that Crim. P. 35(a) always allows for the correction of an illegal sentence, but holding no provision allows for a trial court to modify a legally imposed sentence).

¶9     The goal of statutory construction is to give effect to the intent of the General Assembly. People v. Cross, 127 P.3d 71, 73 (Colo. 2006). We begin by looking to the statute’s plain language and endeavor to give “consistent, harmonious, and sensible effect to all [of its] parts.” Montes-Rodriguez v. People, 241 P.3d 924, 927 (Colo. 2010) (quoting O’Donnell v. State Farm Mut. Auto. Ins. Co., 186 P.3d 46, 49-50 (Colo. 2008)). We must “read words and phrases in context and construe them according to the rules of grammar and common usage.” Benavidez, 222 P.3d at 393 (citing People v. Banuelos-Landa, 109 P.3d 1039, 1041 (Colo. App. 2004)). We will avoid interpretations that “would render any words or phrases superfluous or would lead to illogical or absurd results.” People v. Null, 233 P.3d 670, 679 (Colo. 2010).

¶10         The first statutory provision at issue is section 18-8-208.1, attempt to escape, which provides in relevant part:
(1) Except as otherwise provided in subsection (1.5) of this section, if a person, while in custody or confinement following conviction of a felony, knowingly attempts to escape from said custody or confinement, he or she commits a class 4 felony. The sentence imposed pursuant to this subsection (1) shall run consecutively with any sentences being served by the offender.
. . .
(2) If a person, while in custody or confinement and held for or charged with but not convicted of a felony, knowingly attempts to escape from said custody or confinement, he commits a class 5 felony. If the person is convicted of the felony or other crime for which he was originally in custody or confinement, the sentence imposed pursuant to this subsection (2) shall run consecutively with any sentences being served by the offender.

§ 18-8-208.1.
¶11The second statutory provision at issue is section 18-8-209(1), C.R.S. 2015, which concerns concurrent and consecutive sentences. It provides:
(1) Except as otherwise provided in subsection
(2) of this section, any sentence imposed following conviction of an offense under sections 18-8-201 to 18-8-208 or section 18-8-211 shall run consecutively and not concurrently with any sentence which the offender was serving at the time of the conduct prohibited by those sections.

§ 18-8-209.
C. Analysis
¶12         Evans argues that neither section 18-8-208.1(2) nor 18-8­209(1) requires the imposition of a consecutive sentence under the circumstances presented here, and, thus, the trial court lacked jurisdiction to impose a consecutive sentence because the initial sentence, which was presumptively concurrent, was valid. We agree.
¶13         First, we must determine whether Evans’s original sentence was for a concurrent or a consecutive sentence. We conclude it was for the former. When, as here, a trial court is advised of a pre­existing Colorado sentence, but does not specify whether a sentence for a new offense is to be served concurrently with or consecutively to the prior sentence, we presume the new sentence will be served concurrently with the prior sentence. People v. Sandoval, 974 P.2d 1012, 1015 (Colo. App. 1998). Once the defendant begins serving the new sentence, the presumption becomes conclusive, and any increase in the sentence would be impermissible (assuming the sentence is legal). Id. Because the trial court was aware that Evans was serving a sentence when he escaped, and did not order the attempted escape sentence to be served consecutively, it is presumed to be a concurrent sentence.

¶14         Second, we must determine whether the concurrent sentence was legal. To do so, we must first construe section 18-8-208.1(2). We conclude that under that statute a consecutive sentence for attempt to escape is required only when a defendant is “held for or charged with but not convicted of a felony” and is later “convicted of the felony or other crime for which he was originally in custody or confinement.” § 18-8-208.1(2).
¶15         The People contend section 18-8-208.1(2) requires a consecutive sentence to any sentences being served by the offender and, therefore, Evans must serve his sentence consecutively to his prior DOC sentence. However, this interpretation would not give effect to the differences in wording between subsections (1) and (2), and would ignore language in subsection (2) that the defendant must be “held for or charged with but not convicted of a felony” and that the defendant must later be “convicted of the felony or other crime for which he was originally charged” to receive a consecutive sentence.

¶16         A plain reading of section 18-8-208.1(2) indicates that the consecutive sentencing provision in section 18-8-208.1(2) is triggered only after a subsequent conviction for a felony charge pending at the time of the attempted escape. By using the conditional conjunction “if,” the General Assembly made clear its intent to require a consecutive sentence in a subset of attempt-to-escape cases. A consecutive sentence is required in cases where “the person is convicted of the felony or other crime for which he was originally in custody or confinement.” If that condition is not satisfied, a consecutive sentence is not required.
¶17         Other divisions of our court have held consecutive sentencing under section 18-8-208.1(2) is required upon a defendant’s conviction of the underlying felony. See Benavidez, 222 P.3d at 394; People v. Eurioste, 12 P.3d 847, 849 (Colo. App. 2000) (section 18-8-208.1(2) requires that sentences imposed for attempted escape convictions run consecutively to the sentence for the “underlying felony”); People v. Andrews, 855 P.2d 3, 4-5 (Colo. App. 1992) (the attempted escape sentence must be served consecutively to any sentence ultimately imposed for the charges that were the cause of the confinement from which the offender attempted to escape), aff’d, 871 P.2d 1199 (Colo. 1994); People in Interest of E.Z.L., 815 P.2d 987, 987-99 (Colo. App. 1991) (the court was required to sentence consecutively where juvenile was arrested for aggravated motor vehicle theft, attempted to escape while in custody, and was later convicted of aggravated motor vehicle theft). These cases are not dispositive, however, because in each case, the defendant was later convicted of a pending felony charge. Here, in contrast, Evans was not subsequently convicted of any pending felony charge.

¶18         We conclude the consecutive sentencing provision of section 18-8-208.1(2) does not apply here. We base this determination on our conclusion that the provision is a sentence enhancer, not an element of attempted escape. A statutory provision is a sentence enhancer if the defendant may be convicted of the underlying offense without any proof regarding the sentence enhancer, and the sentence enhancement provision only increases the potential punishment. See Vega v. People, 893 P.2d 107, 112 (Colo. 1995). Here, Evans could be convicted under section 18-8-208.1(2) without any proof regarding a later conviction. The second sentence of section 18-8-208.1(2) increases punishment and requires consecutive sentencing if the defendant is later convicted of the underlying felony charge.

¶19         In pleading guilty, Evans waived the factual basis and admitted the elements of the offense. He pleaded that “while in custody or confinement and held for or charged with but not convicted of a felony, [he] knowingly attempt[ed] to escape from said custody or confinement.” § 18-8-208.1(2). However, he did not admit he was later convicted of a pending felony, and the People do not argue that by waiving a factual basis Evans conceded that the second sentence of section 18-8-208.1(2) applied. Applying section 18-8-208.1(2) to Evans’s circumstances, we conclude that because Evans was already serving a sixteen-year sentence, was not being held for a pending felony charge, and was never later convicted of a pending felony charge, the second sentence of section 18-8-208.1(2) does not apply. Therefore, the trial court’s initial sentence was valid under section 18-8-208.1(2) because that provision did not require it to impose a consecutive sentence under the circumstances here.

¶20         We further conclude section 18-8-209(1) does not apply to convictions under section 18-8-208.1(2). Section 18-8-209(1) limits the requirement to impose a consecutive sentence to “any sentence imposed following conviction of an offense under sections 18-8-201 to 18-8-208 or section 18-8-211.” Section 18-8-208.1 is not included within the stated range because section 18-8-208.1 sequentially follows section 18-8-208. Thus, section 18-8-209(1) does not apply to an offense committed in violation of section 18-8­208.1(2).
¶21         Therefore, because the trial court had jurisdiction to impose a valid concurrent sentence and did so, based on the presumption noted above, it did not have jurisdiction to resentence Evans to a consecutive sentence for attempted escape under section 18-8­208.1(2).
III.            Double Jeopardy Violation
¶22         Even though we have concluded that the trial court lacked jurisdiction to resentence Evans to a consecutive sentence, we also agree with Evans that his right to be free from double jeopardy was violated because his valid sentence was increased after he had begun serving it.
A. Standard of Review

¶23         We review de novo a preserved claim that a conviction violates a defendant’s constitutional protection against double jeopardy. See People v. McMinn, 2013 COA 94, ¶18, ___ P.3d ___, ___.
B. Applicable Law
¶24         The Double Jeopardy Clauses of the United States and Colorado Constitutions protect an accused from being twice punished for the same offense. See U.S. Const. amends. V, XIV; Colo. Const. art. II, § 18. “Consequently, a trial court is prohibited from increasing a legal sentence once it has been imposed and the defendant has begun serving it.” People v. Reed, 43 P.3d 644, 646 (Colo. App. 2001) (citing Witte v. United States, 515 U.S. 389 (1995)); see also Guerin v. Fullerton, 154 Colo. 142, 143-44, 389 P.2d 84, 84-85 (1964); Righi v. People, 145 Colo. 457, 359 P.2d 656 (1961); Sandoval, 974 P.2d at 1015-16.
C. Analysis
¶25         We conclude, as discussed above, that the trial court originally imposed a legal concurrent sentence. We further conclude Evans had begun serving his sentence before he was resentenced. Here, Evans served 135 days in the custody of the DOC, from his initial sentencing on April 22, 2013 to his subsequent resentencing on September 4, 2013. Therefore, the trial court violated Evans’s right to be free from double jeopardy when it increased his sentence.
IV. Conclusion

¶26         The sentence is reversed, and the case is remanded with the direction that the trial court amend the mittimus to provide that Evans’s sentence for attempted escape be served concurrently with his underlying sentence.
JUDGE J. JONES and JUDGE HARRIS concur.