24CA1826 Peo v Lopez 08-07-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1826
Jefferson County District Court No. 07CR1789
Honorable Diego G. Hunt, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael Christopher Lopez,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE LUM
Lipinsky and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 7, 2025

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Michael Christopher Lopez, Pro Se

¶ 1     Defendant, Michael Christopher Lopez, appeals the postconviction court's order denying his Crim. P. 36 motion to amend the mittimus.  We affirm.

## I.     Background

¶ 2     In 2007, Lopez pleaded guilty to attempted first degree murder and a crime of violence in this case — Jefferson County Case No. 07CR1789 — and four counts of illegal discharge of a firearm in Jefferson County Case No. 07CR1224 (counts 7, 8, 9, and 10).

¶ 3     On January 15, 2008, the trial court sentenced Lopez to forty-five years in the custody of the Department of Corrections (DOC) on the attempted first degree murder conviction.  As to the illegal discharge of a firearm convictions, the court sentenced him as follows:

> As to 07[CR]1224, this carries four counts of firing those shots into that house where these four family members were, I'm sentencing him to two years on each of those counts, so that will be two times four would be eight additional years.  That's specifically consecutive to and not concurrent with the sentence I just announced.  That's consecutive to each other.

¶ 4     The court also sentenced Lopez in a third case — Jefferson County Case No. 06CR3314 — to a consecutive two-year sentence

1

for eluding a police officer. The aggregate sentence for all three cases was fifty-five years; the aggregate sentence for this case and 07CR1224 was fifty-three years.

¶ 5     Two days later, the trial court issued the mittimus in this case. The top of the mittimus stated, "The Defendant was sentenced on: 1/15/2008 Sentenced Modified on: 1/17/2008." The mittimus reflected Lopez's forty-five-year sentence and stated that the sentence was consecutive to "COUNT 1" in 06CR3314 and consecutive to "COUNT 7" in 07CR1224.

¶ 6     Lopez challenged the propriety of his sentences in this case and 07CR1224 on direct appeal. He did not assert any arguments regarding the mittimus. In his opening brief, Lopez indicated that "the court sentenced [him] to 45 years in 07CR1789 and to four consecutive two-year sentences (eight years total) in 07CR1224, for a total of 53 years." A division of this court found "no abuse of discretion in the district court's imposition of an aggregate fifty-three-year prison sentence." *People v. Lopez*, slip op. at 2 (Colo. App. No. 08CA0415, May 28, 2009) (not published pursuant to C.A.R. 35(f)). In recounting the factual background, the division said, "The district court sentenced defendant to four consecutive

two-year prison terms for the illegal discharge of a firearm convictions and a consecutive forty-five-year term for the attempted first degree murder conviction." *Id.* at 1. The mandate issued on September 25, 2009.

¶ 7 Lopez filed a Crim. P. 35(b) motion asking for reconsideration of his sentences in 07CR1224 and 07CR1789. He said that, "[o]n January 15, 2008, this Court sentenced [him] to 45 years in the [DOC] and ordered that the sentence be served consecutively to the sentence in Case Number 07CR1224, for a total of 53 years." The postconviction court denied his motion, reiterating that Lopez "was sentenced to a total of 53 years in the [DOC]" in 07CR1224 and 07CR1789.

¶ 8 A few years later, Lopez filed a Crim. P. 35(c) motion in this case. In the motion, he said that he was sentenced to forty-five years in prison and "to four consecutive two year [DOC] terms in case no. 2007CR1224 . . . and to one consecutive two year [DOC] term in case no. 2006CR3314. All those counts were run consecutive to the 45 year [DOC] term in this case." The postconviction court denied the motion without a hearing. A division of this court affirmed the order on appeal, stating, "The

trial court sentenced defendant to consecutive prison terms of forty-five years for the attempted murder conviction and four two-year terms for the illegal discharge of a firearm convictions." *People v. Lopez*, slip op. at 3 (Colo. App. No. 14CA0882, Oct. 1, 2015) (not published pursuant to C.A.R. 35(f)). The mandate issued on September 13, 2016.

¶ 9    Nearly eight years later, Lopez filed a Crim. P. 36 motion to amend the mittimus. He acknowledged that he had been sentenced in 2008 "to an aggregate term of 55 years in the [DOC]," with the sentences in 07CR1224 and 06CR3314 running consecutively to the sentence in 07CR1789. However, he asserted that "[t]hereafter, the Court modified [his] sentences under Crim. P. 35(b)." Specifically, he said that "[i]n Case No. 07CR1789, the Court removed the order that Count 1 be consecutive to Count 8, Count 9, and Count 10 in Case No. 07CR1224," thereby reducing his aggregate sentence from fifty-five to forty-nine years. He further claimed that the DOC was calculating his parole eligibility date based on all the sentences running consecutively, even though the mittimus "clearly indicates that the 45-year sentence was ordered to run consecutively to only Count 7 in Case No. 07CR1224." Lopez

asked the postconviction court to "amend the mittimus to reflect the sentence that was actually imposed — that is, the 45-year sentence is consecutive to Count 7 but concurrent with Counts 8, 9, and 10." He argued that "[t]his interpretation of the modified mittimus is consistent with the presumption of concurrency."

¶ 10    After the motion was fully briefed, the postconviction court denied it.  It found that "[t]he sentencing transcript reflects that the sentencing court imposed a 45-year sentence with the [DOC] on case 2007CR1789 as to Count 1.  In case 2007CR1224, the court imposed eight years DOC on counts 7, 8, 9, and 10 consecutive to 2007CR1789."  The court rejected Lopez's claim that the trial court amended his sentence under Crim. P. 35(b) two days after sentencing because "there is no record to suggest otherwise and the sentencing transcript is clear, [case] 2007CR1224 resulted in 8 years on four counts to be served consecutively to 2007[CR]1789."  The court found that this was "consistent with the court of appeals ruling and the district court[']s ruling in the 35(b) matter."  The court ordered the mittimus to be corrected to "add Counts 8, 9, and 10 from case 2007CR1224."

## II.  Discussion

¶ 11  On appeal, Lopez contends that the postconviction court erred by denying his Crim. P. 36 motion.  He argues that, because the trial court reduced his sentence under Crim. P. 35(b) two days after sentencing, the postconviction court erred by modifying the mittimus to reflect the originally imposed fifty-five-year sentence. He also reasserts that the presumption of concurrency supports his interpretation of the mittimus.  We disagree.

### A.  Standard of Review

¶ 12  We review a district court's factual findings — in this case, whether the district court reduced Lopez's sentence under Crim. P. 35(b) two days after the sentencing hearing — for clear error. *Martinez v. People*, 2024 CO 6M, ¶ 24.  But we review a district court's order denying a Crim. P. 36 motion for an abuse of discretion.  *Quintana v. People*, 613 P.2d 1308, 1309-10 (Colo. 1980).  A district court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or is based on an erroneous understanding or application of the law.  *People v. Huggins*, 2019 COA 116, ¶ 28.

6

¶ 13 Under "the presumption of regularity," we presume that the district court "did not commit error absent affirmative evidence otherwise." *LePage v. People*, 2014 CO 13, ¶ 15. "When determining whether the party asserting error has met its burden, reviewing courts must review and consider the entire record and 'apply the evidence so as to support the judgment.'" *Id.* at ¶ 16 (quoting *Kallnbach v. People*, 242 P.2d 222, 224 (Colo. 1952)).

### B. Applicable Law

#### 1. Crim. P. 35(b)

¶ 14 Crim. P. 35(b) suspends the finality of a sentence to provide the district court an opportunity to reduce a sentence upon a defendant's motion, if such motion is filed within 126 days of sentencing, or on its own initiative within the same timeframe.

#### 2. Crim. P. 36

¶ 15 Crim. P. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." "[C]lerical errors in a . . . mittimus" may be corrected under Crim. P. 36. *People v. Glover*, 893 P.2d 1311, 1316 (Colo. 1995).

¶ 16     Clerical errors corrected under Crim. P. 36 include "'errors made by the clerk' — such as in entering a judgment or a sentence — as well as any 'mistakes apparent on the face of the record, whether made by the court or counsel during the progress of the case,'" *People v. Wood*, 2019 CO 7, ¶ 39 (quoting *Glover*, 893 P.2d at 1316), "which cannot reasonably be attributed to the exercise of judicial consideration or discretion," *Glover*, 893 P.2d at 1316.  The rule "authorizes the trial court to correct a clerical or ministerial error 'in order to show the judgment that was actually pronounced.'"  *Wood*, ¶ 39 (quoting *Glover*, 893 P.2d at 1316); *see also People v. Emeson*, 500 P.2d 368, 369 (Colo. 1972) ("[A] judge may correct or amend a record so that it speaks the truth."). Generally, the point of correcting a mittimus under Crim. P. 36 is to effectuate "the intent and understanding of the court and the parties at the sentencing hearing."  *Wood*, ¶ 43; *see also People v. McLain*, 2016 COA 74, ¶ 26 ("[Crim. P. 36] authorizes the district court to amend a judgment to conform to the sentence imposed."), *overruled on other grounds by People v. Weeks*, 2021 CO 75. "[W]hile 'a trial court may correct a recording or transcription error to effectuate the understanding and intent of the parties and the

8

court,' it may not substantively 'amend[] . . . the sentence itself.'" *Wood*, ¶ 41 (quoting *McLain*, ¶ 26).

### 3. Presumption of Concurrency

¶ 17 A court may not change a sentence from concurrent to consecutive after a defendant has begun serving it. *People v. Sandoval*, 974 P.2d 1012, 1015 (Colo. App. 1998). "[W]here the trial court is advised of a pre-existing Colorado sentence but does not specify whether the new sentence is to be concurrent with or consecutive to the prior sentence, the new sentence will be presumed to run concurrently with the prior sentence." *Id.* The presumption of concurrency also applies to contemporaneously announced sentences. *People v. Sellers*, 2022 COA 102, ¶¶ 35-36, *aff'd on other grounds*, 2024 CO 64. But the presumption only applies when the "sentencing court record is silent"; it does not apply when "the original sentence unambiguously imposed consecutive sentences." *Sandoval*, 974 P.2d at 1014.

### C. Analysis

¶ 18 The premise underlying Lopez's contention is that, based on the language in the mittimus, the district court had a "change of heart" and "modified" his sentence two days after the sentencing

9

hearing to reflect that his sentence in this case only ran consecutively to one of the convictions in 07CR1224. But the record belies this premise. True, the mittimus includes the phrase "Sentence Modified" and does not list the sentences for counts 8, 9, or 10 from 07CR1224 as running consecutively to the forty-five-year sentence in this case. But we construe this as a mere clerical error, as the remainder of the record demonstrates that the trial court intended that all four sentences in 07CR1224 run consecutively to the sentence in this case. The transcript from the sentencing hearing illustrates this, as the trial court said it was running the four sentences in 07CR1224 "consecutive to each other" and "specifically consecutive to and not concurrent with the sentence" in this case. *See People v. Rockne*, 2012 COA 198, ¶¶ 22-24 (to the extent the written order differs from the oral pronouncement of the court, any conflict is resolved in favor of the oral pronouncement), *overruled on other grounds by Weeks*, ¶ 47 n.16. Lopez's direct appeal and his Crim. P. 35(b) and Crim. P. 35(c) litigation also support the trial court's intention to run the sentences consecutively. Each court involved in those proceedings indicated

that Lopez was serving a fifty-three-year aggregate sentence in 07CR1224 and this case.

¶ 19 Moreover, the record does not contain a minute order modifying Lopez's sentence two days after the sentencing hearing. Indeed, the only entries in the register of actions related to sentencing are a minute order from the sentencing hearing conducted on January 15, 2008, indicating that Lopez's sentence in this case was "CONSECUTIVE TO . . . 07CR1224"; an action from January 17, 2008, indicating "Mittimus Issued"; and another action from January 17, 2008, indicating that a sentencing hearing was held.

¶ 20 Accordingly, we conclude that the record as a whole demonstrates that the inclusion of "Sentence Modified" in and the exclusion of counts 8, 9, and 10 from 07CR1224 from the mittimus were clerical mistakes, not changes resulting from the exercise of judicial consideration or discretion. *See Wood*, ¶ 42 (holding, based on the record, that "to the extent that the original mittimus failed to reflect the judge's oral ruling and sentence, it was not as a result of judicial consideration or discretion; it was, instead, as a result of a clerical or ministerial error in drafting the original mittimus").

Therefore, the trial court did not amend Lopez's sentence under Crim. P. 35(b) two days after the sentencing hearing.

¶ 21     As a result, we also conclude that the presumption of concurrency does not apply to Lopez's sentence. The record demonstrates that the trial court specified that the sentences in this case and 07CR1224 were to run consecutively. The record is not "silent" as to concurrency or consecutiveness as it is in cases that apply the presumption. *See Sandoval*, 974 P.2d at 1014-16 (applying the presumption of concurrency to a sentence when the record was silent as to concurrency or consecutiveness); *Sellers*, ¶¶ 35-41 (same).

¶ 22     "Because any error in the original mittimus was clerical in nature, not the result of judicial consideration or discretion, the proper remedy was to correct that mittimus pursuant to Rule 36." *Wood*, ¶ 43. Therefore, the postconviction court did not abuse its discretion by denying Lopez's motion and did not err by correcting the mittimus to reflect consecutive sentences in this case and 07CR1224. This correction did not amount to a substantive amendment to the judgment or sentence but, rather, "allowed the mittimus to speak the truth." *Id.*

## III.    Disposition

¶ 23    The order is affirmed.

JUDGE LIPINSKY and JUDGE PAWAR concur.