**Shane Lewis McKNIGHT,**
**Plaintiff-Appellant,**

v.

**Chase RIVELAND, Executive Director of Colorado Department of Corrections, Colorado State Board of Parole, Chris Wilkerson, Chairman, Defendants-Appellees.**

**No. 85CA0861.**

Colorado Court of Appeals,
Div. I.

Oct. 30, 1986.

Shane Lewis McKnight, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen. and Marleen Langfield, Asst. Atty. Gen., Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiff, Shane Lewis McKnight, sought relief pursuant to C.R.C.P. 106 in the nature of mandamus and/or prohibition. The trial court dismissed the complaint on a review of the pleadings, and plaintiff appeals. We affirm.

Plaintiff was convicted of first degree murder in 1975 and was sentenced to death. He was later resentenced to life imprisonment. In 1978, he was convicted of escape and sentenced to five to eight years consecutive to the life sentence. In determining plaintiff's earliest parole eligibility date, the Department of Corrections calculated his parole eligibility date for the life sentence and added to it the minimum time required to complete the sentence for escape.

Plaintiff argues that the Department erred in construing his sentences as one continuous sentence because one of the sentences is a life sentence. He also claims that the Department is required to provide him with a statement explaining which of the two sentences he is serving.

Section 17–22.5–101, C.R.S. (1986 Repl. Vol. 8A) provides that the Department of Corrections shall construe separate consecutive sentences as one continuous sentence for purposes of determining parole eligibility.

Here, plaintiff's objection to the Department's parole eligibility computation appears to be that he could complete the five to eight year sentence, but thereafter still be denied parole on the life sentence. Parole, as it relates to a life sentence, is purely a matter of privilege. *See* § 18–1–105, C.R.S. (1986 Repl. Vol. 8B). Hence, an inmate who is serving a life sentence is never *entitled* to parole. *In re Question Concerning State Judicial Review of Parole Denial*, 199 Colo. 463, 610 P.2d 1340 (1980). Because plaintiff's first sentence is a life sentence, the only effect a subsequent consecutive sentence can have is to delay his parole eligibility date.

The fact that the consecutive sentence may be discharged, but plaintiff may still be denied parole is not a result of the application of § 17–22.5–101, but of the nature of a life sentence. Therefore, plaintiff has not been detrimentally affected by the statute's application.

The issue here is not whether the two sentences can be served consecutively or which one is being served first, but when plaintiff becomes eligible to be granted parole. In order to effectuate the intent of § 17–22.5–101, the Department gave the plaintiff the benefit of any doubt when it added the minimum period of confinement required for parole eligibility on the five to eight-year consecutive term for the escape to the ten calendar years required for parole eligibility on the life sentence. The two sentences are construed as one continuous sentence for purposes of parole eligibility. Since we agree with the Department's interpretation of the law, we conclude that plaintiff has, in fact, received a statement of the sentences being served.

For these reasons, the trial court did not err when it held that the Department of Corrections had correctly computed plaintiff's earliest date of eligibility for parole, and dismissed his C.R.C.P. 106 petition.

Judgment affirmed.

TURSI and METZGER, JJ., concur.