**Otto GRAHAM, Petitioner–Appellant,**

v.

**Thomas I. COOPER, Superintendent Fremont Correctional Facility, Respondent–Appellee.**

**No. 93SA187.**

Supreme Court of Colorado, En Banc.

May 9, 1994.

---

Otto Graham, pro se.

No appearance by respondent-appellee.

Justice ERICKSON delivered the Opinion of the Court.

This is an appeal from the denial of a petition for a writ of habeas corpus. The appellant, Otto Graham, filed a petition for habeas corpus in the Fremont County District Court, alleging that he was entitled to immediate release from custody because his sentence had legally expired. The Fremont County District Court found that Graham was currently serving sentences imposed on multiple counts totalling eighty years. The district court therefore denied the petition without a hearing. We affirm the judgment of the district court.

I

In 1981, Graham was convicted of nine counts of aggravated robbery, three counts of first degree sexual assault, one count of third degree sexual assault, one count of aggravated motor vehicle theft, and three counts of crime of violence. The convictions stemmed from robberies occurring at three separate restaurants in Colorado Springs, and the sexual assaults of female employees of the restaurants.[1] On October 23, 1981, Graham was sentenced in the El Paso County District Court (the sentencing court), and a "Judgment of Conviction: Sentence: and Order to Sheriff (Mittimus)" ("judgment and mittimus"), dated October 23, was entered. The October 23 judgment and mittimus provided that Graham was sentenced to the following terms of imprisonment in the Department of Corrections:

Count 1 (aggravated robbery)—eight years;

Count 2 (aggravated robbery)—eight years;

---

1. Some of the facts underlying the appellant's 1981 convictions are contained in *Graham v. People*, 705 P.2d 505 (Colo.1985), which affirmed the denial of Graham's motion for new trial. *See* also *Graham v. Wilson*, 645 F.Supp. 664 (D.Colo. 1986) (granting writ of habeas corpus), *rev'd*, 828 F.2d 656 (10th Cir.1987), *cert. denied*, 484 U.S. 1069, 108 S.Ct. 1035, 98 L.Ed.2d 999 (1988).

Count 3 (first degree sexual assault)—twelve years;

Counts 4, 8, and 17 (crime of violence);

Count 5 (aggravated robbery)—eight years;

Count 6 (aggravated robbery)—eight years;

Count 7 (first degree sexual assault)—twelve years;

Count 9 (aggravated robbery)—eight years;

Count 10 (aggravated robbery)—eight years;

Count 11 (aggravated robbery)—eight years;

Count 12 (aggravated robbery)—eight years;

Count 13 (aggravated robbery)—eight years;

Count 14 (first degree sexual assault)—twenty-four years;

Count 15 (third degree sexual assault)—sixteen years;

Count 16 (first degree motor vehicle theft)—three years.

The judgment and mittimus further provided:

THE COURT finds that the Defendant has spent 235 days in confinement prior to this date for the offense(s) for which the defendant is being sentenced.

IT IS FURTHER ORDERED OR RECOMMENDED;

| | |
|---|---|
| Cts 1 & 2 be served concurrently with each other and consecutively with ct 3 | 20 years |
| Cts 5 & 6 to be served concurrently with each other and consecutively with ct 7 | 20 years |
| Cts 9 & 10 to be served concurrently with each other · | 8 years |
| Cts 11, 12, 13, and 16 to be served concurrently with each other | 8 years |
| Cts 14 & 15 to be served concurrently with each other | 24 years |
| TOTAL YEARS TO BE SERVED | 80 years |

The sentencing court issued an amended judgment and mittimus on October 26, 1981. The amended judgment and mittimus reduced the sentence for Count 15, third degree sexual assault, from sixteen years to eight years. Graham does not assert that

the sentencing court lacked the power to reduce his sentence for Count 15. *See* Crim.P. 35(a) (the court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence). Because Counts 14 and 15 were ordered to be served concurrently, however, the amendment effected no change in Graham's total sentence.

The sentencing court subsequently issued a second amended judgment and mittimus, dated November 4, 1981. Sentences on the individual counts were the same as in the October 26 amended judgment and mittimus. The amended part read:

THE COURT finds that the Defendant has spent 235 days in confinement prior to this date for the offense(s) for which the defendant is being sentenced.

IT IS FURTHER ORDERED OR RECOMMENDED;

| | |
|---|---|
| Cts 1 & 2 to be served concurrently with each other and consecutively with all other counts | 8 years |
| Ct 3 to be served consecutively with all other counts | 12 years |
| Cts 5 & 6 to be served concurrently with each other and consecutively with all other counts | 8 years |
| Ct 7 to be served consecutively with all other counts | 12 years |
| Cts 9 & 10 to be served concurrently with each other and consecutively with all other counts | 8 years |
| Cts 11, 12, 13, & 16 to be served concurrently with one other and consecutively with all other counts | 8 years |
| Cts 14 & 15 to be served concurrently with each other and consecutively with all other counts | 24 years |
| TOTAL YEARS TO BE SERVED | 80 years |

Graham's claim that he is entitled to mandatory release can be briefly summarized. Until the November 4, 1981, second amended judgment and mittimus, all of his sentences were to be served concurrently except the sentences for Counts 1 and 2, which were to be served consecutively with Count 3, and Counts 5 and 6, which were to be served consecutively to Count 7. Thus, according to Graham, the "governing" sentence for purposes of release was the longest sentence

which was the twenty-four year sentence for first degree sexual assault in Count 14. Assuming that he had the right to mandatory parole for this twenty-four year sentence, Graham contends that he is entitled to immediate release from custody. This assumption is wrong. First degree sexual assault is a "sex offense," and because Graham's crimes were committed on or after July 1, 1979, but before July 1, 1985, parole is discretionary, not a matter of right. *Campbell v. Solano,* 807 P.2d 583, 585 (Colo.1991); *Thiret v. Kautzky,* 792 P.2d 801, 805–07 (Colo.1990). Even though one of Graham's basic assumptions is incorrect, we elect to address his contentions.

Moreover, Graham asserts that because the second amended mittimus had the effect of increasing his sentence after he had started serving the sentence, it violated the constitutional prohibition against double jeopardy[2] and is void. Graham cites a number of cases in support of this claim. *See, e.g., United States v. Villano,* 816 F.2d 1448, 1451–53 (10th Cir.1987) (the sentence in a federal criminal case is the punishment imposed orally by the sentencing judge in the defendant's presence and the oral pronouncement controls over a conflicting written judgment and sentence); *United States v. Naas,* 755 F.2d 1133, 1136–37 (5th Cir.1985) (Fifth Amendment double jeopardy prohibition against resentencing for same offense bars increase in a legal sentence once it has been imposed and the defendant has commenced serving it, even if the court alters the sentence solely to conform with its original intent); *Borum v. United States,* 409 F.2d 433, 440 (D.C.Cir.1967) (in federal court, oral pronouncement of sentence constitutes the judgment of the court and federal district court's attempted "clarification" to provide that defendant's sentences should run consecutively to prior sentences after the defendant had begun serving his sentences violated the constitutional prohibition against double jeopardy), *cert. denied,* 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969); *Righi v. People,* 145 Colo. 457, 459, 359 P.2d 656, 657 (1961) (court

could not increase sentences after original imposition and after accused had commenced serving original sentences).

We find that the foregoing cases do not apply to Graham's case, however, because the original, October 23, 1981, judgment and mittimus sets forth Graham's eighty-year sentence clearly and unambiguously. The second amended judgment and mittimus describes Graham's sentences with increased particularity, but does not increase the total sentence imposed in the original judgment and mittimus.

## II

The real basis of Graham's claim is that the second amended judgment and mittimus is void because it unlawfully increased his total sentence. This claim should have been brought in the sentencing court under Crim.P. 35(a), which provides:

(a) **Correction of Illegal Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

*See Naas,* 755 F.2d at 1135–36 (Fed. R.Crim.P. 35(a) was a proper basis for defendant's motion that his written sentence was illegal because it subjected him to double jeopardy). Although Graham's claim should have been brought under Crim.P. 35(a), and not by way of habeas corpus, we elect to address the merits of his claim. *See Duran v. Price,* 868 P.2d 375, 378 (Colo.1994) (petition for habeas corpus should have been treated as a Crim.P. 35(c) motion and transferred to the sentencing court, but supreme court may retain jurisdiction of the appeal in the interests of judicial economy).

Graham argues that the original mittimus and the court's oral pronouncement of sentence do not explicitly provide that Counts 1, 2, and 3 are to be served consecutively with Counts 5 and 6. Nor, according to Graham, does the original judgment and mittimus

---

**2.** U.S. Const. amend. V, provides, in relevant part, "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb...." Similarly, Colo. Const. art. II, § 18,

states, in part, "No person shall be compelled to testify against himself in a criminal case *nor shall any person be twice put in jeopardy for the same offense.*" (Emphasis added.)

state specifically that Counts 9 and 10 are to be served consecutively with the other counts, that Counts 11, 12, 13, and 16 are to be served consecutively to the other counts, or that Counts 14 and 15 are to be served consecutively with all of the other counts. Graham asserts that because the oral pronouncement and October 23 judgment and mittimus are silent with respect to whether the foregoing groups of sentences are to be served consecutively or concurrently, the groups of sentences must be construed to run concurrently. *See Naas*, 755 F.2d at 1136 (presumption that criminal sentences are to run concurrently places burden on the prosecutor and judge to affirmatively suggest and impose longer consecutive sentences, and thus any ambiguity is resolved in favor of defendant); *Borum*, 409 F.2d at 440 (in absence of specification of consecutiveness, multiple sentences operate concurrently).

We have examined the transcript of the oral pronouncement of Graham's sentence and we conclude that the original judgment and mittimus correctly reflects the oral sentence. Although the original judgment and mittimus does not use the word "consecutive" or "consecutively" between certain groups of sentences, as Graham suggests, the same unambiguous result is achieved by the use of the column to add the groups of sentences to total "80 years." The transcript of the oral sentencing leaves no doubt that Graham was sentenced to a total of eighty years.[3]

Thus, although the second amended mittimus may be more specific than the original judgment and mittimus, it does not increase Graham's total sentence in violation of the prohibition against double jeopardy. Because Graham is serving a validly imposed sentence of eighty years, he is not entitled to immediate release, as the district court concluded. We therefore affirm the judgment of the district court denying Graham's petition for habeas corpus.

---

**3.** Because we find the October 23 judgment and mittimus unambiguous, the rule of lenity does not apply. *Cf. People v. Lowe*, 660 P.2d 1261, 1269 (Colo.1983) (rule of lenity that requires courts to resolve ambiguities in penal code in defendant's favor applies to penalties imposed by code).