The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Warren M. WOELLHAF, Defendant–
Appellant.

No. 06CA0075.

Colorado Court of Appeals,
Div. V.

Oct. 4, 2007.

Rehearing Denied Dec. 13, 2007.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

Defendant, Warren M. Woellhaf, appeals from the sentence imposed on remand after defendant's direct appeal of his conviction and original sentence. We affirm in part, vacate in part, and remand for correction of the mittimus.

As pertinent here, a jury convicted defendant of sexually assaulting his five-year-old daughter on four counts of sexual assault on a child-pattern of abuse, pursuant to section 18–3–405, C.R.S.2007; four counts of sexual assault on a child by one in a position of trust-pattern of abuse, pursuant to section 18–3–405.3, C.R.S.2007; and one count of aggravated incest, pursuant to section 18–6–302(1)(a), C.R.S.2007.

The trial court sentenced defendant to an aggregate of forty-eight years in the Department of Corrections: twelve years for each count of sexual assault on a child-pattern of abuse, to be served consecutively; twelve years on each count of sexual assault on a child by one in a position of trust-pattern of abuse, to be served concurrently with the counts of sexual assault on a child; and twelve years for aggravated incest, to be served concurrently with the first count of sexual assault on a child.

Defendant appealed his judgment of conviction and sentences. As pertinent here, a division of this court affirmed the judgment of conviction, but vacated the pattern sentencing enhancements on all counts. *People v. Woellhaf*, 87 P.3d 142, 153 (Colo.App.2003) (*Woellhaf I* ).

The supreme court granted certiorari to consider:

Whether a single incident of sexual assault on a child (or sexual assault on a child-position of trust) can be broken down into fragments to support multiple sexual assault on a child counts, resulting in multiple sexual assault on a child convictions, without violating the principles of double jeopardy.

*Woellhaf v. People*, 105 P.3d 209, 211 n. 1 (Colo.2005) (*Woellhaf II* ).

The supreme court concluded that the four types of sexual contact that occurred within the one incident of sexual assault constituted one factual offense, and that, therefore, the four convictions of sexual assault on a child and the four convictions for sexual assault on a child by one in a position of trust violated state and federal double jeopardy protections. *Id.* at 219. The supreme court reversed the judgment of the court of appeals, and instructed that, on remand, the trial court should "merge the four convictions of sexual assault on a child into one conviction, merge the four convictions of sexual assault on a child by one in a position of trust into one conviction, and resentence the defendant accordingly." *Id.* at 220.

On remand, the trial court merged the convictions as directed. Pursuant to the mandate, the court also vacated the pattern sentencing enhancement and the consecutive nature of defendant's sentences. The trial court then resentenced defendant to twenty-four years on the single count of sexual assault on a child by one in a position of trust, and a concurrent sentence of twelve years for the single count of sexual assault on a child. Although not directed to do so by the mandate, the trial court also resentenced defendant to twenty-four years on the count of aggravated incest, to be served concurrently with the other sentences. This appeal followed.

## I. Scope of Appeal

On appeal, defendant challenges his twenty-four-year sentence for sexual assault on a child by one in a position of trust on double jeopardy and due process grounds. It is undisputed that the sentence is within the applicable sentencing range of ten to thirty-six years for a crime of violence that presented an extraordinary risk of harm, pursuant to sections 18–1.3–401(10), 18–1.3–406, and 18–3–405.3, C.R.S.2007.

In his opening brief, defendant also challenges the increased sentence on the count of aggravated incest. However, in their answer brief, the People concede, and we agree, that because the supreme court's opinion did not affect the count of aggravated incest and the trial court was not directed to resentence on that count, the new sentence on that count should be vacated and the mittimus corrected to reflect the original twelve-year sentence. *See People v. Wieghard*, 743 P.2d 977, 978 (Colo.App.1987).

Defendant does not challenge the twelve-year sentence for sexual assault on a child.

Accordingly, our opinion is limited to defendant's double jeopardy and due process challenge to his twenty-four-year sentence on the count of sexual assault on a child-position of trust.

## II. Double Jeopardy

Defendant contends the trial court violated his federal and state constitutional rights to be free from double jeopardy by imposing a sentence to incarceration on the position of trust count that doubled the length of the sentence originally imposed on that count from twelve years to twenty-four years. The People contend that defendant's sentence did not violate his double jeopardy rights because, on remand, the aggregate period of incarceration was not increased, but was reduced from forty-eight years to twenty-four years. We agree with the People.

The Double Jeopardy Clauses of the United States and Colorado Constitutions protect an accused against being twice placed in jeopardy for the same crime. U.S. Const.

amend. V; Colo. Const., art. II, § 18; *Woellhaf II,* 105 P.3d at 214. Consequently, a trial court is prohibited from increasing a legal sentence once it has been imposed and the defendant has begun serving it. *People v. Reed,* 43 P.3d 644, 646 (Colo.App.2001). Moreover, resentencing after an appeal intrudes less on the values protected by double jeopardy than a resentencing after retrial. Where appellate review of the sentences at issue is clearly allowed, a defendant cannot claim any expectation of finality in his or her original sentencing. *Pennsylvania v. Goldhammer,* 474 U.S. 28, 30, 106 S.Ct. 353, 354, 88 L.Ed.2d 183 (1985).

Defendant contends that the trial court doubled the length of the twelve-year sentence originally imposed on the position of trust count, and that, for purposes of double jeopardy, the trial court could sentence him to no more than the original length of the sentence for that individual count. We reject that contention and conclude that, for purposes of double jeopardy, the critical factor is whether defendant's aggregate sentence on resentencing is less severe than his original aggregate sentence.

The parties have not cited any Colorado case, nor have we found one, specifically addressing the issue under consideration here.

At the resentencing hearing, the trial court relied, at least in part, on *Graham v. Cooper,* 874 P.2d 390 (Colo.1994), for the proposition that comparison of aggregate sentences to confinement is the relevant consideration in a double jeopardy analysis. In *Graham,* the defendant had already begun serving his sentence on multiple counts, when the trial court amended the mittimus to reduce the sentence for one count but kept the total aggregate sentence the same. *Id.* at 392–93. The defendant contended that the court had unlawfully increased his sentence in violation of his double jeopardy rights, because the sentence for one count was reduced without reducing the overall length of his sentence. The supreme court held that no double jeopardy violation occurred because the new sentence did not increase the total length of incarceration imposed in the original judgment. *Id.* at 394.

Here, defendant distinguishes *Graham* by arguing that the trial court in that case did not increase any individual sentence but only made adjustments concerning which sentences were consecutive and which were concurrent. Notwithstanding this distinction, we find *Graham* instructive because the supreme court based its double jeopardy analysis on the total aggregate sentence imposed in that case. *Id.* (the second amended judgment does not increase the "total sentence in violation of the prohibition against double jeopardy").

A number of other courts have considered this issue and have concluded that the original aggregate sentence is the essential consideration when evaluating a double jeopardy challenge to resentencing, particularly where the defendant has no legitimate expectation of finality in his or her original sentence. *See United States v. Evans,* 314 F.3d 329, 333–34 (8th Cir.2002) (where aggregate sentence on resentencing was the same as the original aggregate sentence, but the sentences on certain individual counts were increased, there was no expectation of finality until the appeal was concluded, and resentencing could carry out the sentencing judge's original intent); *United States v. Pimienta–Redondo,* 874 F.2d 9, 16 (1st Cir. 1989) (when a defendant challenges one of several interdependent sentences, or their underlying convictions, he or she has effectively challenged the entire sentencing plan and can have no legitimate expectation of finality in any discrete portion of the sentencing package after a partially successful appeal); *United States v. Cataldo,* 832 F.2d 869, 875 (5th Cir.1987)(on remand, imposing the same length of sentence for the same conduct does not invade any legitimate expectation of finality); *Commonwealth v. Goldhammer,* 512 Pa. 587, 595, 517 A.2d 1280, 1284 (1986) (where the defendant was originally sentenced to a jail term on one of two counts, and resentenced to the same length jail term on the other count when the conviction on which he had received jail time was reversed, imposition of the same term originally imposed was not an increase in his sentence), *on remand from Pennsylvania v. Goldhammer; State v. Larson,* 56 Wash.App.

323, 783 P.2d 1093, 1095 (1989) (a defendant who challenges his or her entire sentencing plan on appeal has no legitimate expectation in the finality of any discrete part of the original sentence). We are persuaded by the reasoning of these cases.

We reject defendant's argument that these cases hold that a defendant loses the expectation of finality only when a conviction is actually reversed, which did not occur here. In our view, the expectation of finality does not depend on a particular result from an appeal. Where, as here, a defendant challenges his or her judgment of conviction and entire sentencing plan, the defendant loses any expectation of finality of his or her sentences. Moreover, defendant's convictions on three of the position of trust counts (with all their factual underpinnings) merged into the fourth conviction, which then incorporated all defendant's conduct for which he was convicted. Accordingly, we perceive no double jeopardy violation where, on remand, his aggregate sentence on the merged count was one-half the aggregate sentence for the convictions on the four original position of trust counts.

We also reject defendant's argument in his reply brief that reliance on these cases is improper because the federal cases are controlled by the federal Sentencing Guidelines and *Larson* is controlled by a State of Washington sentencing framework different from Colorado's. Contrary to defendant's argument, the holdings in these cases that the defendant's double jeopardy and due process rights were not violated by a new sentence that did not exceed the original aggregate sentence are not dependent on the specific outlines of the federal and state sentencing guidelines.

Similarly, we reject defendant's argument that these cases are inapposite because sections 18–1.3–401 and –404, C.R.S.2007, require a court to impose a definite term for each felony conviction within an authorized sentencing range. Here, the trial court, in fact, imposed a definite term within the authorized sentencing range for each of defendant's felony convictions. Further, nothing in Colorado's statutory sentencing scheme addresses the effect of an original aggregate sentence on resentencing for double jeopardy purposes.

In sum, we perceive no violation of defendant's federal and state constitutional double jeopardy rights as a result of his twenty-four-year sentence on the count of sexual assault on a child-position of trust.

### III. Due Process

Defendant contends that imposition of the twenty-four-year sentence on the position of trust count also violated his rights to due process. We disagree.

■ Due process limits resentencing only on two conditions: (1) the subsequent sentence is more severe than the prior sentence; and (2) there is a realistic likelihood that the harsher sentence was motivated by vindictiveness against the offender for successfully appealing or collaterally attacking the prior conviction. *People v. Montgomery,* 737 P.2d 413, 416 (Colo.1987).

■ "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Alabama v. Smith,* 490 U.S. 794, 798, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989)(quoting *North Carolina v. Pearce,* 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969)). Whenever a judge imposes a more severe sentence upon a defendant, the reasons for doing so must be clear, or the presumption arises that there has been a vindictive purpose. *Alabama v. Smith,* 490 U.S. at 798, 109 S.Ct. at 2204. "Once this presumption blossoms, the prosecution must proffer evidence to overcome it; elsewise, vindictiveness is deemed established, and the due process clause requires invalidation of the challenged action." *United States v. Pimienta–Redondo,* 874 F.2d at 13.

■ Further, similar to the double jeopardy analysis discussed above, under a due process analysis, where the aggregate period of incarceration on resentencing is no greater than the original aggregate sentence, there is no presumption of vindictiveness. *See United States v. Evans,* 314 F.3d at 333–34

(*Pearce* presumption of vindictiveness does not apply so long as total sentence imposed upon remand is no greater than total original sentence); *United States v. Pimienta–Redondo*, 874 F.2d at 13–14 (where one count was vacated but defendant faced same period of incarceration after resentencing, court held there was no presumption of vindictiveness where it was reasonably clear that the district court was reconstructing the sentencing architecture in light of original plan); *State v. Larson*, 783 P.2d at 1095 (no due process violation where sentence for murder count was lengthened on remand but revised aggregate sentence was less severe than the original aggregate sentence; no presumption of vindictiveness, because the "increase" in the sentence was fully explained by the trial court's original sentencing intent).

■ Here, because the aggregate period of incarceration was reduced from forty-eight years to twenty-four years, defendant's sentence was not increased, and thus, there is no presumption of vindictiveness in the trial court's resentencing of defendant.

■ Further, nothing in the record reflects any actual vindictiveness by the trial court against defendant for successfully appealing part of his judgment of conviction. A trial court should consider all relevant and material factors at the resentencing. *See People v. Wieghard*, 743 P.2d at 979 (trial court could consider criminal convictions occurring between original sentencing and resentencing after appeal). "Sentencing by its nature is a discretionary decision that requires the trial court to weigh various factors and to strike a fair accommodation between a defendant's need for rehabilitation or corrective treatment, and society's interest in safety and deterrence." *People v. Reed*, 43 P.3d at 647.

A review of the record here reveals that the trial court considered all relevant factors, including the intent of the original sentencing court, in arriving at the sentence it ultimately imposed. *See United States v. Pimienta–Redondo*, 874 F.2d at 13–14.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

We also note that the supreme court granted certiorari in this case to consider whether a single incident of sexual assault on a child (or sexual assault on a child by one in a position of trust) could be broken down into fragments to support multiple sexual assault on a child counts. *Woellhaf II*, 105 P.3d at 211 n. 1. We find it instructive that the supreme court concluded that the single factual offense could not be so treated, and remanded for the convictions to be merged and defendant to be sentenced accordingly. *Id.* at 220–21. We also find it significant that the supreme court did not simply vacate three of the position of trust convictions and leave standing a twelve-year sentence on one conviction.

Under these circumstances, we conclude that, on remand for resentencing, the trial court should reasonably have been able to consider the factual underpinnings of each of the original four position of trust convictions that were merged into one position of trust conviction. If, after the four position of trust convictions merged into one count, the trial court had been limited to imposing the length of incarceration originally imposed for one of those convictions, it would have effectively have been prevented from considering all relevant and material facts relating to defendant's conduct for purposes of resentencing.

Accordingly, we conclude that defendant's due process rights were not violated by his twenty-four-year sentence.

The sentence for sexual assault on a child by one in a position of trust is affirmed. The sentence for aggravated incest is vacated, and the case is remanded to the trial court for correction of the mittimus to reinstate the original twelve-year sentence on that count.

Judge GRAHAM and Judge NEY * concur.

§ 24–51–1105, C.R.S.2007.